IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG S. WILSON,

        Petitioner,

   v.              CASE NO. 14-3003-SAC

REX PRYOR, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner challenges his 1988 conviction of two counts of aggravated criminal sodomy.

  This matter is a successive application for relief under § 2254. Petitioner presented an earlier, unsuccessful challenge to this conviction in 1991. *Wilson v. Hannigan, et al.*, 1992 WL 333149 (D.Kan. 1992).

  A second petition filed by petitioner in 2001, *Wilson v. McKune, et al.*, Case No. 01-3118, was transferred by the court to the U.S.Court of Appeals for the Tenth Circuit.

  "The filing of a second or successive § 2254 application is tightly constrained by provisions of the AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir.), *cert. denied*, ---U.S. ----, 134 S.Ct. 269, (2013). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner presenting a successive application for habeas corpus relief must seek prior authorization in the appropriate court of appeals. Unless such authorization is granted, the district court has no jurisdiction to consider the filing. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam).

The district court may transfer an unauthorized successive application to the court of appeals if it is in the interest of justice to do so. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011)(per curiam). In making the decision whether to transfer, the district court should consider whether the claims would be time-barred if filed, whether the claims are likely to be meritorious, and whether the claims were filed in good faith. *Cline*, 531 F.3d at 1251.

In this case, petitioner's claims arise from a conviction that occurred over twenty years ago and are time-barred. Likewise, because petitioner previously filed a second application for habeas corpus in 2001 and yet failed to seek prior authorization in his current filing, the court cannot find the claims were filed in good faith. The court concludes the transfer of this matter to the court of appeals would not further the interests of justice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for lack of jurisdiction.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 15th day of January, 2014, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge